## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **JONATHAN LANGLEY** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No.: 1-18-cv-00443-LY** |
| | ) | |
| | ) | |
| **INTERNATIONAL BUSINESS** | ) | |
| **MACHINES CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S
## REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant

International Business Machines Corporation ("IBM" or "Defendant") hereby objects and

responds as follows to the Requests for Production of Documents served by Plaintiff on

September 6, 2018.

## GENERAL OBJECTIONS

The following General Objections are incorporated by reference into each and every

response provided by IBM whether specifically mentioned or not. The identification of specific

General Objections or other objections in a given response is not intended as, nor may it be

construed to be, a waiver or exclusion of all other General Objections.

1. Defendant objects to the Requests for Production of Documents to the extent that it

seeks to impose burdens greater than those required by the Federal Rules of Civil Procedure,

applicable local rules, and/or the Court's case management order(s). Defendant responds

consistent with the Federal Rules of Civil Procedure, any applicable local rules, and the Court's



case management order(s), and subject to its threshold objection regarding the scope and breadth of discovery.

2.    Defendant objects to the Requests for Production of Documents to the extent that it is not appropriately limited in scope to the relevant time periods, organizations, positions, and locations at issue in this case.

3.    Defendant objects to the First Request for Production of Documents to the extent that it seeks documents containing confidential information documents, including documents containing any personnel-related information concerning any persons other than the Plaintiff; information that constitutes or contains commercially sensitive confidential business information; and/or other information belonging to Defendant, and/or to third parties, the disclosure of which could cause competitive harm to Defendant.

4.    Defendant objects to the Requests for Production of Documents as seeking documents containing information not relevant to the claims or defenses of either party.

5.    Defendant objects to the Requests for Production of Documents as seeking documents containing information not proportional to the needs of this single plaintiff discrimination case.

6.    Defendant objects to the Requests for Production of Documents to the extent that it seeks documents containing information protected by the attorney-client privilege or the attorney work-product doctrine (collectively "privileges"). To the extent that documents is/are disclosed that contain privileged information or work product, such disclosure shall not constitute a waiver of the privileges, and Defendant reserves the right to demand and obtain the return of any inadvertently produced and/or disclosed information and/or documents.

7. Defendant objects to the Requests for Production of Documents to the extent that it requests documents contained in Plaintiff's files or within Plaintiff's knowledge or in public sources equally available to Plaintiff.

8. Defendant objects to the Requests for Production of Documents to the extent that it requests documents within the possession of third parties equally available to Plaintiff as to Defendant.

9. Defendant objects to the Requests for Production of Documents to the extent that it seeks to define terms and/or characterize the evidence in this case. To the extent that Defendant adopts any terms used by Plaintiff in the Requests for Production of Documents, such adoption is specifically limited solely to these responses.

10. Defendant objects to any request to the extent that it is vague, overly broad, ambiguous, or written in a form that is confusing or potentially misleading.

11. Defendant's response to this Requests for Production of Documents do not constitute admissions or acknowledgements that any information or document sought is within the proper scope of discovery, and Defendant makes these responses without waiving its right to object to the admissibility of documents produced herewith or to object to further discovery related to subject matters encompassed within Plaintiff's Requests for Production of Documents.

12. Defendant makes these responses to the best of its present knowledge based upon a reasonable investigation to date. Because its investigation in this action is ongoing, Defendant reserves the right to modify, supplement, or amend the Responses contained herein as any additional facts may become known during the course of such investigation or discovery.

These General Objections apply to and are incorporated by reference in each and every response, whether or not specifically mentioned.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** The documents, data compilations, and tangible things identified in IBM's Initial Disclosures.

**RESPONSE:** Defendant directs Plaintiff to the documents produced at IBML-000001-237, 241-246, 256-257, 260-262, 280-281, 291-746, 748-806.

**REQUEST NO. 2:** The documents, data compilations, and tangible things that formed any part of the support for the assertions in IBM's Position Statement to the EEOC.

**RESPONSE:** Defendant objects to Request No. 2 to the extent that it seeks documents protected from disclosure by the attorney-client privilege and/or the work product doctrine. Subject to and without waiving the foregoing objection and the General Objections set forth above, Defendant directs Plaintiff to the documents produced in response to Request No. 1.

**REQUEST NO. 3:** The documents and correspondence you sent to or received from the EEOC in connection with Plaintiff's Charge of Discrimination No 451-2018-00164.

**RESPONSE:** Defendant directs Plaintiff to the documents produced at IBML-000001-17.

**REQUEST NO. 4:** The documents and ESI that provide a factual basis for your "First Defense" contained in the Affirmative Defenses section of Defendant International Business Machines Corporation's Answer and Affirmative Defenses.

**RESPONSE:** Defendant interprets this request to seek the production of documents on which it will rely in making this defense and accordingly refers to the documents referenced in its Initial Disclosures and produced here in response to Request No. 1 and other documents produced at IBML-000018-39, 43-49, 73-78, 91-98, 113-123, 144-146, 232-240, 247-254, 256-266, 268-276, 278-283, 285-286, 320, 700, 704-711, 807-816, 821-831, 834, 885-887. To the extent this request seeks a broader set of documents, Defendant objects to Request No. 4 to the

extent that it seeks documents protected from disclosure by the attorney-client privilege and/or the work product doctrine.

**REQUEST NO. 5:** The documents and ESI that provide a factual basis for your "Second Defense" contained in the Affirmative Defenses section of Defendant International Business Machines Corporation's Answer and Affirmative Defenses.

    **RESPONSE:** Discovery is ongoing. Defendant will produce any responsive documents it identifies and supplement this response as appropriate.

**REQUEST NO. 6:** The documents and ESI that provide a factual basis for your "Third Defense" contained in the Affirmative Defenses section of Defendant International Business Machines Corporation's Answer and Affirmative Defenses.

    **RESPONSE:** Defendant objects to Request No. 6 to the extent that it seeks documents protected from disclosure by the attorney-client privilege and/or the work product doctrine. Subject to and without waiving the foregoing objection and the General Objections set forth above, Defendant responds that its Third Defense is a purely legal defense; thus, it has no responsive documents to produce.

**REQUEST NO. 7:** The documents and ESI that provide a factual basis for your "Fourth Defense" contained in the Affirmative Defenses section of Defendant International Business Machines Corporation's Answer and Affirmative Defenses.

    **RESPONSE:** Discovery is ongoing. Defendant will produce any responsive documents it identifies and supplement this response as appropriate.

**REQUEST NO. 8:** The documents and ESI that provide a factual basis for your "Fifth Defense" contained in the Affirmative Defenses section of Defendant International Business Machines Corporation's Answer and Affirmative Defenses.

**RESPONSE:** Defendant objects to Request No. 8 to the extent that it seeks documents protected from disclosure by the attorney-client privilege and/or the work product doctrine. Subject to and without waiving the foregoing objection and the General Objections set forth above, Defendant directs Plaintiff to the documents produced at IBML-000018-39, 43-49, 73-78, 91-98, 113-123, 238-240, 247-254, 256-266, 268-276, 278-283, 285-286, 320, 704-711, 807-816, 821-831, 834, 885-887.

**REQUEST NO. 9:** The documents and ESI that provide a factual basis for your "Sixth Defense" contained in the Affirmative Defenses section of Defendant International Business Machines Corporation's Answer and Affirmative Defenses.

**RESPONSE:** Defendant objects to Request No. 9 to the extent that it seeks documents protected from disclosure by the attorney-client privilege and/or the work product doctrine. Subject to and without waiving the foregoing objection and the General Objections set forth above, Defendant directs Plaintiff to the documents produced at IBML-000018-39, 43-49, 73-78, 91-98, 113-123, 238-240, 247-254, 256-266, 268-276, 278-283, 285-286, 320, 700, 704-711, 807-816, 821-831, 834, 885-887.

**REQUEST NO. 10:** The documents and ESI that provide a factual basis for your "Seventh Defense" contained in the Affirmative Defenses section of Defendant International Business Machines Corporation's Answer and Affirmative Defenses.

**RESPONSE:** Defendant objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege and/or the work product doctrine. Discovery is ongoing. Defendant will produce any non-privileged documents it identifies and supplement this response as appropriate.

**REQUEST NO. 11:** The documents and ESI that provide a factual basis for your "Eighth Defense" contained in the Affirmative Defenses section of Defendant International Business Machines Corporation's Answer and Affirmative Defenses.

**RESPONSE:** Defendant objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege and/or the work product doctrine. Discovery is ongoing. Defendant will produce any non-privileged documents it identifies and supplement this response as appropriate.

**REQUEST NO. 12:** The documents and ESI that provide a factual basis for your "Ninth Defense" contained in the Affirmative Defenses section of Defendant International Business Machines Corporation's Answer and Affirmative Defenses.

**RESPONSE:** Defendant objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege and/or the work product doctrine. Discovery is ongoing. Defendant will produce any non-privileged documents it identifies and supplement this response as appropriate.

**REQUEST NO. 13:** The documents and ESI that provide a factual basis for your "Tenth Defense" contained in the Affirmative Defenses section of Defendant International Business Machines Corporation's Answer and Affirmative Defenses.

**RESPONSE:** Defendant objects to Request No. 13 to the extent that it seeks documents protected from disclosure by the attorney-client privilege and/or the work product doctrine.

**REQUEST NO. 14:** The documents and ESI that provide a factual basis for your "Eleventh Defense" contained in the Affirmative Defenses section of Defendant International Business Machines Corporation's Answer and Affirmative Defenses.

**RESPONSE:** Defendant objects to Request No. 14 to the extent that it seeks documents protected from disclosure by the attorney-client privilege and/or the work product doctrine. Subject to and without waiving the foregoing objection and the General Objections set forth above, Defendant directs Plaintiff to the documents produced at IBML-000018-39, 43-49, 73-78, 91-98, 113-123, 238-240, 247-254, 256-266, 268-276, 278-283, 285-286, 700, 704-711, 807-816, 821-831, 834, 885-887.

**REQUEST NO. 15:** The documents and ESI that provide a factual basis for your "Twelfth Defense" contained in the Affirmative Defenses section of Defendant International Business Machines Corporation's Answer and Affirmative Defenses.

**RESPONSE:** Defendant objects to Request No. 15 to the extent that it seeks documents protected from disclosure by the attorney-client privilege and/or the work product doctrine. Subject to and without waiving the foregoing objection and the General Objections set forth above, Defendant responds that its Twelfth Defense is a purely legal defense; thus, it has no responsive documents to produce.

**REQUEST NO. 16:** The documents and ESI that provide a factual basis for your "Thirteenth Defense" contained in the Affirmative Defenses section of Defendant International Business Machines Corporation's Answer and Affirmative Defenses.

**RESPONSE:** Defendant objects to Request No. 16 to the extent that it seeks documents protected from disclosure by the attorney-client privilege and/or the work product doctrine. Subject to and without waiving the foregoing objection and the General Objections set forth above, Defendant responds that its Thirteenth Defense is a purely legal defense; thus, it has no responsive documents to produce.

**REQUEST NO. 17:** The documents and ESI that a decisionmaker created, considered, relied upon or followed in selecting Plaintiff for termination.

**RESPONSE:** Defendant objects to Request No. 17 as being vague and ambiguous due to Plaintiff's failure to define certain terms and phrases, including "considered" and "relied upon." Defendant responds consistent with its own understanding of these undefined terms. Subject to and without waiving the foregoing objection and the General Objections set forth above, Defendant directs Plaintiff to the documents produced at IBML-000018-39, 43-49, 73-78, 91-98, 113-123, 287-290, 320, 704-711, 835-884.

**REQUEST NO. 18:** Personnel Records (as defined above), PBCs, records from any PBC Assist Tool, commendations, rewards, congratulations, honors, written performance evaluations and all drafts thereof, referring or related to Plaintiff's employment with IBM, including all emails, text messages, instant messages, chat room conversations and other communications describing or commenting upon – whether positively or negatively – Plaintiff's job performance.

**RESPONSE:** Defendant objects to Request No. 18 as being overly broad, unduly burdensome, and disproportionate to the needs of the case because it demands "all drafts" of Personnel Records, PBCs, records from any PBC Assist Tool, commendations, rewards, congratulations, honors, written performance evaluations, and "all" emails, text messages, instant messages, chat room conversations, and other communications, conceivably requiring Defendant to search each and every file in its possession, paper and/or electronic, to determine whether such files contain potentially responsive documents. Defendant also objects to this Request as being vague and ambiguous due to Plaintiff's failure to define certain terms and phrases, including "commendations," "rewards," "congratulations," and "honors." Defendant responds consistent with its own understanding of these undefined terms. Subject to and without waiving the

foregoing objections and the General Objections set forth above, Defendant directs Plaintiff to the documents produced at IBML-000018-22, 113-123, 241-246, 256-257, 260-262, 280-281, 747, 807-816, 821-825.

**REQUEST NO. 19:** Personnel Records (as defined above), PBCs, records from any PBC Assist Tool, commendations, rewards, congratulations, honors, written performance evaluations and all drafts thereof, referring or related to IBM's employment of any person against whom Plaintiff was compared for purposes of reduction, including all emails, text messages, instant messages, chat room conversations and other communications describing or commenting upon – whether positively or negatively – such other persons' job performance.

**RESPONSE:** Defendant objects to Request No. 19 as being overly broad, unduly burdensome, and disproportionate to the needs of the case because it demands "all drafts" of Personnel Records, PBCs, records from any PBC Assist Tool, commendations, rewards, congratulations, honors, written performance evaluations, and "all" emails, text messages, instant messages, chat room conversations, and other communications, conceivably requiring Defendant to search each and every file in its possession, paper and/or electronic, to determine whether such files contain potentially responsive documents. Defendant also objects to this Request as being vague and ambiguous due to Plaintiff's failure to define certain terms and phrases, including "commendations," "rewards," "congratulations," and "honors." Defendant responds consistent with its own understanding of these undefined terms. Subject to and without waiving the foregoing objections and the General Objections set forth above, Defendant directs Plaintiff to the documents produced at IBML-000023-39, 43-49, 73-87, 91-98, 267, 704-711, 747, 814-816.

**REQUEST NO. 20:** The documents and ESI that set forth Software Group's 2014, 2015, 2016 Spring and Fall Plans.

**RESPONSE:** Defendant objects to Request No. 20 as it is overly broad, unduly burdensome, and disproportionate to the needs of this single plaintiff case; it is not reasonably limited in terms of time or organizational scope and seeks information that is not relevant to Plaintiff's claims. This Request seeks documents that are unrelated to the resource action that impacted Plaintiff or hiring decisions for specific positions like the one Plaintiff held or to which he applied. Plaintiff did not work in the Software Group at the time of his layoff in 2017. Indeed, the Software Group ceased to exist at the end of 2014/beginning of 2015.

**REQUEST NO. 21:** The documents and ESI that set forth Cloud's 2016, 2017, 2018 Spring and Fall Plans.

**RESPONSE:** Defendant objects to Request No. 21 as overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of the case; it is not reasonably limited in terms of time or organizational scope and seeks information that is not relevant to Plaintiff's claims or IBM's defenses. This Request seeks documents that are unrelated to the resource action that impacted Plaintiff or hiring decisions for specific positions like the one Plaintiff held or to which he applied. Plaintiff was selected for layoff in the CLDR resource action, which was a 2017 resource action that, as relevant to Plaintiff, impacted certain job groups in the LG-CldSalesTop organization (known as Cloud Sales - Worldwide Top) reporting up to Steve Cowley, General Manager for IBM Cloud & IBM Software. The CLDR resource action did not affect all organizations in the Cloud Group, nor did it occur in 2016 or 2018. Moreover, the decision to select Plaintiff for layoff was made lower down in the organization, by Plaintiff's first line manager Kim Overbay, Director of IBM PureApplication & WebSphere Application Server, Worldwide. Defendant also objects to this Request because Plaintiff was laid off in 2017; thus, any documents from 2018 have no bearing on his layoff or his attempts to find other employment

within IBM in 2017. Finally, Defendant objects to this Request to the extent that it seeks production of documents containing highly confidential competitive and/or proprietary business information which Defendant protects from public disclosure in the ordinary course.

**REQUEST NO. 22:** The documents and ESI that set forth Spring and Fall plans for all IBM divisions for 2014, 2015, 2016, 2017 and 2018.

**RESPONSE:** Defendant objects to Request No. 22 as overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of this single plaintiff case; it is not reasonably limited in terms of time or organizational scope and seeks information that is not relevant to Plaintiff's claims. This Request seeks documents that are unrelated to the resource action that impacted Plaintiff or hiring decisions for specific positions like the one Plaintiff held or to which he applied. Plaintiff was selected for layoff in the CLDR resource action, which was a 2017 resource action that, as relevant to Plaintiff, impacted certain job groups in the LG-CldSalesTop organization (known as Cloud Sales - Worldwide Top) reporting up to Steve Cowley, General Manager for IBM Cloud & IBM Software. The CLDR resource action did not affect all organizations in the Cloud Group, nor did it occur in 2014, 2015, 2016, or 2018. The decision to select Plaintiff for layoff was made lower down in the organization, by Plaintiff's first line manager Kim Overbay, Director of IBM PureApplication & WebSphere Application Server, Worldwide. Defendant further objects to this Request to the extent that it seeks production of documents containing highly confidential competitive and proprietary business information which Defendant protects from public disclosure in the ordinary course.

**REQUEST NO. 23:** From January 1, 2012 until present, documents created by, transmitted to or shared with an IBM Executive, Band D or higher; including but not limited to emails,

attachments and powerpoints sent or received, from Bain & Company that reflect consulting services provided to IBM.

**RESPONSE:** Defendant objects to Request No. 23 as overly broad, unduly burdensome, and disproportionate to the needs of the case because it is not reasonably limited in terms of time or organizational scope. Nor is this Request relevant to any party's claim or defense; the requested information is wholly unrelated to Plaintiff's 2017 layoff in the CLDR resource action and/or Plaintiff's attempts to find other employment within IBM.

**REQUEST NO. 24:** From January 1, 2013 until present, documents created by, transmitted to or shared with Diane Gherson; including but not limited to emails and attachments sent or received that contain the following terms:

      a.  Early Professional Hire"

      b.  "Early Professional"

      c.  "Early Professionals"

      d.  "EPH"

      e.  "Seniority Mix"

      f.  "Reduction Initiative"

      g.  "Resource Action"

      h.  "RA"

      i.  "RIF"

      j.  "Retired"

      k.  "Layoff Targets"

      l.  "Millennial"

      m.  "Millennial Corps"

n.  "Head-count Planning"

o.  "Jonathan Langley"

p.  "Langley"

q.  "EEOC"

r.  "Bain & Company"

s.  "Bain"

t.  "Spring Plan"

u.  "Spring Plans"

v.  "Fall Plan"

w.  "Fall Plans"

x.  "Spring Strategy"

y.  "Operating Team HR"

z.  Operating Team Sales Deployment"

**RESPONSE:**  Defendant objects to Request No. 24 because it is overly broad, unduly burdensome, and disproportionate to the needs of the case, and because it seeks information that is not relevant to any party's claims or defenses.  Diane Gherson, IBM's Senior Vice President, Human Resources, whose responsibilities are global and thus not limited to the United States, was not involved in the distribution of headcount reduction targets within the CLDR resource action or in the decision to select Plaintiff for layoff.  Nor did she play any role in reviewing or assessing Plaintiff's applications for other employment within IBM.  Thus, she is not an appropriate custodian.  Defendant further objects to this Request in that its temporal scope is overly broad and the search terms would sweep up documents from across a company which operates in dozens of countries and consists of multiple different groups, business units, and

organizations. Moreover, the vast majority of the proposed search terms have no relation to the facts at issue in Plaintiff's case as they are wholly unrelated to Steve Cowley's Cloud & IBM Software business and the layoff decisions made in the CLDR resource action. Finally, Defendant objects to this Request to the extent that the search terms would require the production of documents containing highly confidential competitive and/or proprietary business information which Defendant protects from public disclosure in the ordinary course.

**REQUEST NO. 25:** From January 1, 2013 until present, documents created by, transmitted to or shared with Ken Keverian; including but not limited to emails and attachments sent or received that contain the following terms:

     a.  "Early Professional Hire"

     b.  "Early Professional"

     c.  "Early Professionals"

     d.  "EPH"

     e.  "Seniority Mix"

     f.  "Reduction Initiative"

     g.  "Resource Action"

     h.  "RA"

     i.  "RIF"

     j.  "Retired"

     k.  "Layoff Targets"

     l.  "Millennial"

     m.  "Millennial Corps"

     n.  "Head-count Planning"

o. "Jonathan Langley"

p. "Langley"

q. "EEOC"

r. "Bain & Company"

s. "Bain"

t. "Spring Plan"

u. "Spring Plans"

v. "Fall Plan"

w. "Fall Plans"

x. "Spring Strategy"

y. "Operating Team HR"

z. Operating Team Sales Deployment"

**RESPONSE:** Defendant objects to Request No. 25 because it is overly broad, unduly

burdensome, and disproportionate to the needs of the case, and because it seeks information that

is not relevant to any party's claims or defenses. Ken Keverian, Senior Vice President,

Corporate Strategy, is a very senior executive who has global responsibilities, not limited to the

United States. He was not involved in the distribution of headcount reduction targets within the

CLDR resource action or in the decision to select Plaintiff for layoff. Nor did he play any role in

reviewing or assessing Plaintiff's applications for other employment within IBM. Thus, he is not

an appropriate custodian. Defendant further objects to this request in that it is overly broad as

the temporal scope is overly broad and the search terms would sweep up documents from across

a company which operates in dozens of countries and consists of multiple different groups,

business units, and organizations. Moreover, the vast majority of the proposed search terms have

no relation to the facts at issue in Plaintiff's case as they are wholly unrelated to Steve Cowley's Cloud & IBM Software business and the layoff decisions made in the CLDR resource action. Finally, Defendant objects to this Request to the extent that the search terms would require the production of documents containing highly confidential competitive and/or proprietary business information which Defendant protects from public disclosure in the ordinary course.

**REQUEST NO. 26:** From January 1, 2013 until present, documents created by, transmitted to or shared with James J. Kavanaugh; including but not limited to emails and attachments sent or received that contain the following terms:

    a. "Early Professional Hire"

    b. "Early Professional"

    c. "Early Professionals"

    d. "EPH"

    e. "Seniority Mix"

    f. "Reduction Initiative"

    g. "Resource Action"

    h. "RA"

    i. "RIF"

    j. "Retired"

    k. "Layoff Targets"

    l. "Millennial"

    m. "Millennial Corps"

    n. "Head-count Planning"

    o. "Jonathan Langley"

p. "Langley"

q. "EEOC"

r. "Bain & Company"

s. "Bain"

t. "Spring Plan"

u. "Spring Plans"

v. "Fall Plan"

w. "Fall Plans"

x. "Spring Strategy"

y. "Operating Team HR"

z. "Operating Team Sales Deployment"

**RESPONSE:** Defendant objects to Request No. 26 because it is overly broad, unduly burdensome, and disproportionate to the needs of the case, and because it seeks information that is not relevant to any party's claims or defenses. James Kavanaugh, Senior Vice President and Chief Financial Officer, is a very senior executive who has global responsibilities, not limited to the United States. He was not involved in the distribution of headcount reduction targets within the CLDR resource action or in the decision to select Plaintiff for layoff. Nor did he play any role in reviewing or assessing Plaintiff's applications for other employment within IBM. Thus, he is not an appropriate custodian. Defendant further objects to this Request in that it is overly broad as the temporal scope is overly broad and the search terms would sweep up documents from across a company which operates in dozens of countries and consists of multiple different groups, business units, and organizations. Moreover, the vast majority of the proposed search terms have no relation to the facts at issue in Plaintiff's case as they are wholly unrelated to

Steve Cowley's Cloud & IBM Software business and the layoff decisions made in the CLDR resource action. Finally, Defendant objects to this Request to the extent that the search terms would require the production of documents containing highly confidential competitive and/or proprietary business information which Defendant protects from public disclosure in the ordinary course.

**REQUEST NO. 27:** From January 1, 2013 until present, documents created by, transmitted to or shared with Virginia "Ginni" Rometty; including but not limited to emails and attachments sent or received that contain the following terms:

      a.  "Early Professional Hire"

      b.  "Early Professional"

      c.  "Early Professionals"

      d.  "EPH"

      e.  "Seniority Mix"

      f.  "Reduction Initiative"

      g.  "Resource Action"

      h.  "RA"

      i.  "RIF"

      j.  "Retired"

      k.  "Layoff Targets"

      l.  "Millennial"

      m.  "Millennial Corps"

      n.  "Head-count Planning"

      o.  "Jonathan Langley"

p.  "Langley"

q.  "EEOC"

r.  "Bain & Company"

s.  "Bain"

t.  "Spring Plan"

u.  "Spring Plans"

v.  "Fall Plan"

w.  "Fall Plans"

x.  "Spring Strategy"

y.  "Operating Team HR"

z.  Operating Team Sales Deployment"

**RESPONSE:** Defendant objects to Request No. 27 because it is overly broad, unduly burdensome, and disproportionate to the needs of the case, and because it seeks information that is not relevant to any party's claims or defenses. Ginni Rometty is IBM's CEO. She has global responsibilities, not limited to the United States, and she was not involved in the distribution of headcount reduction targets within the CLDR resource action or in the decision to select Plaintiff for layoff. Nor did she play any role in reviewing or assessing Plaintiff's applications for other employment within IBM. Thus, she is not an appropriate custodian. Defendant further objects to this Request in that it is overly broad as the temporal scope is overly broad and the search terms would sweep up documents from across a company which operates in dozens of countries and consists of multiple different groups, business units and organizations. Moreover, the vast majority of the proposed search terms have no relation to the facts at issue in Plaintiff's case as they are wholly unrelated to Steve Cowley's Cloud & IBM Software business and the layoff

decisions made in the CLDR resource action. Finally, Defendant objects to this Request to the extent that the search terms would require the production of documents containing highly confidential competitive and/or proprietary business information which Defendant protects from public disclosure in the ordinary course.

**REQUEST NO. 28:** From January 1, 2013 until present, documents created by, transmitted to or shared with Kim Overbay; including but not limited to emails and attachments sent or received that contain the following terms:

      a.  "Jonathan Langley"

      b.  "Langley"

      c.  "RIF"

      d.  "Retired"

      e.  "Resource Partner"

      f.  "Resource Partners"

      g.  "HR Partner"

      h.  "Early Professional"

      i.  "Workday"

      j.  "Fast Start"

      k.  "Hybrid Cloud Management and Platform"

      l.  "H1 Management and Platform"

      m.  "2Q Management and Platform"

      n.  "Business and Technical Leadership"

      o.  "Resource Identification Training"

      p.  "Resource Action Introduction"

**RESPONSE:** Defendant objects to Request No. 28 because it is overly broad, unduly burdensome, and disproportionate to the needs of the case, and because it seeks information that is not relevant to any party's claims or defenses. This Request is overly broad in terms of time, as Plaintiff separated from IBM and searched for other positions within IBM in 2017. Moreover, the search terms are overly broad and burdensome and not reasonably related to the issues in this case. For instance, the proposed search term "HR Partner" could conceivably return hundreds of emails having nothing to do with the PureApplication team, the CLDR resource action, or Plaintiff. Finally, Defendant objects to this Request to the extent that the search terms would require the production of documents containing highly confidential competitive and/or proprietary business information which Defendant protects from public disclosure in the ordinary course. Subject to and without waiving the foregoing objections and the General Objections set forth above, Defendant states that it will search Kimberly Overbay's emails and attachments for the years 2016 and 2017 for documents responsive to the following search terms that are relevant to the issues in this single plaintiff termination case: "Jonathan Langley"; "Langley"; "Business and Technical Leadership"; "Resource Identification Training", and "Resource Action Introduction." IBM is in the process of conducting this search and will supplement its production as needed.

**REQUEST NO. 29:** From January 1, 2013 until present, documents created by, transmitted to or shared with Andrew Brown; including but not limited to emails and attachments sent or received that contain the following terms:

      a.  "Jonathan Langley"

      b.  "Langley"

      c.  "RIF"

d. "Retired"

e. "Resource Partner"

f. "Resource Partners"

g. "Spring Plan"

h. "Spring Plans"

i. "Fall Plan"

j. "Fall Plans"

k. "Hybrid Cloud Talent Review"

**RESPONSE:** Defendant objects to Request No. 29 because it is overly broad, unduly

burdensome, and disproportionate to the needs of the case, and because it seeks information that

is not relevant to any party's claims or defenses. This Request is overly broad in terms of time,

as Plaintiff separated from IBM and searched for other positions within IBM in 2017, and in

terms of organizational scope because it is not limited to Plaintiff's team (PureApplication

Worldwide Sales), organization (LG-CldSalesTop), business unit (Cloud WW Sales), or group

(Cloud), nor is it limited to the CLDR resource action that impacted Plaintiff, or even to the

United States. Moreover, the search terms are overly broad and burdensome and not reasonably

related to the issues in this case. For instance, the proposed search term "Retired" could

conceivably return hundreds of emails having nothing to do with the PureApplication team, the

CLDR resource action, or Plaintiff. In addition, Defendant objects to this Request as being

overly broad, unduly burdensome, and disproportionate to the needs of the case because it seeks

documents that are unrelated to hiring, let alone hiring into positions like Plaintiff's or to

Plaintiff's attempts to find other employment within IBM, and because it seeks documents that

are unrelated to employee separations in a resource action, let alone Plaintiff's selection for

layoff in the CLDR resource action. Defendant further objects to this Request to the extent that

it seeks production of documents containing confidential and/or proprietary business information

which Defendant protects from public disclosure as a matter of course. Subject to and without

waiving the foregoing objections and the General Objections set forth above, Defendant states

that it has had Mr. Brown's documents searched for documents that are relevant to the issues in

this single plaintiff termination case. IBM is still in the process of conducting this search and

will supplement its production as needed.

**REQUEST NO. 30:** The documents and ESI that set forth quarterly performance bonus

amounts for Kim Overbay's direct reports or team members for 2016 and 2017.

**RESPONSE:** Defendant objects to Request No. 30 to the extent that it suggests that

Plaintiff received quarterly bonuses, which he did not. Defendant also objects to this Request to

the extent that it suggests that Kim Overbay set quarterly performance bonus amounts, which she

did not. In addition, Defendant objects to this Request as vague and ambiguous due to Plaintiff's

failure to define certain terms and phrases, including "team members." Defendant responds

consistent with its own understanding of this undefined term. Defendant further objects to this

Request as being overly broad, disproportionate to the needs of the case, and seeking information

not relevant to either party's claims or defenses because it requests information about employees

who are not comparators to Plaintiff. Subject to and without waiving the foregoing objections

and the General Objections set forth above, Defendant directs Plaintiff to the documents

produced at IBML-000340-396 which contain commission and other payment information for

Plaintiff. Defendant also directs Plaintiff to the document produced at IBML-000748 which

contains commission information for the other employees in Plaintiff's pool plan who reported to

Ms. Overbay.

**REQUEST NO. 31:** The documents and ESI that set forth approval of performance bonuses by Andrew Brown for 2016 and 2017.

**RESPONSE:** Defendant objects to Request No. 31 as being overly broad, disproportionate to the needs of the case, and seeking information not relevant to either party's claim or defense because it seeks information about employees who are not comparators to Plaintiff. Subject to and without waiving the foregoing objections and the General Objections set forth above, Defendant directs Plaintiff to the documents produced at IBML-000340-369 which contain commission and other payment information for Plaintiff. Defendant also directs Plaintiff to the document produced at IBML-000748 which contains commission information for the other employees in Plaintiff's pool plan who reported to Ms. Overbay.

**REQUEST NO. 32:** The documents and ESI that set forth staff reduction targets for IBM Cloud for 2014, 2015, 2016, 2017 and 2018.

Defendant objects to Request No. 32 as being overly broad, unduly burdensome, and disproportionate to the needs of this single plaintiff case. This Request is not reasonably limited in time or organizational scope as it is not limited to the 2017 CLDR resource action that impacted Plaintiff. The CLDR resource action was a 2017 resource action that, as relevant to Plaintiff, impacted certain job groups in the LG-CldSalesTop organization (known as Cloud Sales - Worldwide Top) reporting up to Steve Cowley, General Manager for IBM Cloud & IBM Software. Moreover, any documents from 2014, 2015, 2016, and 2018 have no bearing on Plaintiff's 2017 layoff in the CLDR resource action. Defendant also objects to this Request as seeking information that is not relevant to any party's claims or defenses because it seeks documents that are unrelated to Plaintiff's selection for layoff in the CLDR resource action.

Without waiving these objections, Defendant directs Plaintiff to the documents produced at IBML-000287-290.

**REQUEST NO. 33:** The documents and ESI that set forth IBM's United States hiring targets for 2015, 2016, 2017, and 2018.

**RESPONSE:** Defendant objects to Request No. 33 to the extent that it assumes that IBM sets United States hiring targets as it does not do so. There are no documents responsive to this request as written.

**REQUEST NO. 34:** The documents and ESI that set forth IBM's layoff targets for 2015, 2016, 2017 and 2018.

**RESPONSE:** Defendant objects to Request No. 34 to the extent that it assumes that IBM sets layoff targets company-wide as it does not do so. There are no documents responsive to this request as written.

**REQUEST NO. 35:** The documents and ESI that set forth "Early Professional" (as defined by IBM) hiring targets, and total employee mix targets.

**RESPONSE:** Defendant objects to Request No. 35 as vague and ambiguous as to the meaning of "employee mix targets." Defendant also objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case. This Request is not reasonably limited in time or organizational scope as it is not limited to Plaintiff's team (PureApplication Worldwide Sales), organization (LG-CldSalesTop), business unit (Cloud WW Sales), or even group (Cloud), nor is it limited to Plaintiff's attempts to find other employment within IBM in 2017 or hiring into positions like Plaintiff's. In addition, Defendant objects to this Request as not relevant to the claims or defenses of either party. Plaintiff was not replaced by an Early Professional Hire, nor have any Early Professional Hires been hired into Plaintiff's

position in his business unit or organization, or into any of the three positions to which Plaintiff applied.

**REQUEST NO. 36:** The documents and ESI that set forth the detail and/or function of "Millennial Corps."

**RESPONSE:** Defendant objects to Request No. 36 because it is vague and ambiguous as to the meaning of "detail." Defendant also objects to this Request because it is overly broad as there is no temporal limit. Defendant further objects to this Request because it seeks documents that are not relevant to the claims or defenses of either party.

**REQUEST NO. 37:** Personnel Records, including written performance evaluations and drafts thereof, for any IBM employee reported to Kim Overbay as of March 30, 2017.

**RESPONSE:** Defendant objects to Request No. 37 to the extent that it requests confidential personnel information concerning non-party employees. Defendant also objects to this Request as overly broad in terms of organizational scope in that it is not limited to the United States or to the team on which Plaintiff worked and not relevant to any party's claims or defenses because it requests drafts, as well as information about employees who are not Plaintiff's comparators for purposes of his termination or hiring claims. Subject to and without waiving the foregoing objections and the General Objections set forth above, Defendant directs Plaintiff to the documents produced at IBML-000018-143, 701-746.

**REQUEST NO. 38:** Personnel Records, including written performance evaluations and drafts thereof, for any IBM employee that has performed any of the job functions previously performed by Plaintiff, Jonathan Langley.

**RESPONSE:** Defendant objects to Request No. 38 as overly broad, unduly burdensome, and disproportionate to the needs of the case because it requests information for "any" employee

who has performed "any" of the job functions "previously" performed by Plaintiff and drafts, and because it has no time limitation. Defendant further objects to this Request to the extent that it requests confidential personnel information concerning non-party employees. Subject to and without waiving the foregoing objections and the General Objections set forth above, Defendant directs Plaintiff to the documents produced in response to Request Nos. 1 and 37.

**REQUEST NO. 39:** Employee handbooks and benefit descriptions for IBM employees in existence as 2016-2017, including but not limited to any and all versions of any EEO or anti-discrimination policy.

**RESPONSE:** Defendant objects to Request No. 39 because it is overly broad in organizational scope and disproportionate to the needs of the case because it is not limited to U.S. employees or Plaintiff's group. This Request is also overly broad, unduly burdensome, and disproportionate to the needs of the case because it requests "any and all" versions of "any" EEO or anti-discrimination policy. Defendant also objects to this Request because it is vague and ambiguous due to Plaintiff's failure to define certain terms and phrases, including "handbooks" and "benefit descriptions." Defendant responds consistent with its own understanding of those undefined terms. Subject to and without waiving the foregoing objections and the General Objections set forth above, Defendant directs Plaintiff to the documents produced at IBML-000144-237, 502-699, 750-806.

**REQUEST NO. 40:** Written policies, procedures and/or guidelines of IBM related to discharge, promotion, hiring, discipline, Resource Actions, RIFs and other personnel actions in effect in 2016-2017.

**RESPONSE:** Defendant objects to Request No. 40 because it is vague and ambiguous as to the meaning of "policies, "procedures," "guidelines," and "other personnel actions."

Defendant responds consistent with its own understanding of the undefined terms. Defendant also objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case. This Request is not reasonably limited in time or organizational scope as it is not limited to documents related to the 2017 CLDR resource action which impacted Plaintiff. Defendant further objects to this Request because it seeks documents on topics that are not at issue in this case, including discharges other than resource action layoffs, promotion, and discipline. In addition, Defendant objects to this Request to the extent that it requests documents containing confidential and/or proprietary business information which Defendant protects from public disclosure as a matter of course. Subject to and without waiving the foregoing objections and the General Objections set forth above, Defendant directs Plaintiff to the documents produced at IBML-000291-319, 321, 837-863, 864-873, 874-882. Defendant will supplement its production with additional responsive documents.

**REQUEST NO. 41:** Guidelines, rules, procedures and policies, including restrictions on laying off "Early Professional Hires," that governed the RIFs that separated Plaintiff from employment. (A complete answer includes any written standards, guidelines or instructions to determine how a RIF should be conducted or how employees should be selected for terminations).

**RESPONSE:** Defendant objects to Request No. 41 because it is vague and ambiguous as to the meaning of "policies," "procedures," "standards," and "guidelines." Defendant responds consistent with its own understanding of the undefined terms. IBM also objects to this Request as not relevant to either party's claims or defenses because no Early Professional Hires were excluded from Plaintiff's job group in the CLDR resource action. Subject to and without waiving the foregoing objections and the General Objections set forth above, Defendant directs

Plaintiff to the document produced at IBML-000321. Defendant will supplement its production with additional responsive documents.

**REQUEST NO. 42:** The documents describing policies and procedures to monitor how RIF including the decisions were actually made with respect to the force reduction that separated Plaintiff from employment

**RESPONSE:** Defendant objects to Request No. 42 as vague and ambiguous as to the meaning of "policies," "procedures," and "monitor." Defendant also objects to this Request to the extent that it seeks documents that are protected from disclosure by the attorney-client privilege and/or the work product doctrine. Defendant further objects to this Request on the grounds that, as written, Defendant cannot determine the types of documents intended to be requested by Plaintiff.

**REQUEST NO. 43:** Any and all documents reflecting RIF-related training of any kind provided to employees who responsible for, or who participated in carrying out, the RIF that separated Plaintiff from employment.

**RESPONSE:** Defendant objects to Request No. 43 because it is overly broad, unduly burdensome, and disproportionate to the needs of the case because it demands "any and all" documents. Defendant also objects to this Request as vague and ambiguous because Plaintiff failed to define certain terms, including "responsible for" and "carrying out." Defendant responds consistent with its own understanding of the undefined terms. Defendant further objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege and/or the work product doctrine. Subject to and without waiving the foregoing objections and the General Objections set forth above, Defendant directs Plaintiff to

the document produced at IBML-000321. Defendant will supplement its production with additional responsive documents.

**REQUEST NO. 44:** The documents and ESI that reflect the ages or any other age-related demographic data about employees considered and selected for reduction, considered and not selected for reduction, and those not considered for reduction, in any RIF occurring in the United States from January 1, 2015 to the present.

**RESPONSE:** Defendant objects to Request No. 44 because it is overly broad, unduly burdensome, and disproportionate to the needs of this single plaintiff termination case. This Request is not reasonably limited in time or organizational scope as it is not limited to the 2017 CLDR resource action that impacted Plaintiff. The CLDR resource action was a 2017 resource action that, as relevant to Plaintiff, impacted certain job groups in the LG-CldSalesTop organization (known as Cloud Sales - Worldwide Top) reporting up to Steve Cowley, General Manager for IBM Cloud & IBM Software. Moreover, any documents from 2015, 2016, and 2018 have no bearing on Plaintiff's 2017 layoff. Defendant also objects to this Request as it is seeking information that is not relevant to any party's claims or defenses because it seeks documents that are unrelated to Plaintiff's selection for layoff in the CLDR resource action. Defendant further objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege and/or the work product doctrine. Subject to and without waiving the foregoing objections and the General Objections set forth above, Defendant directs Plaintiff to the documents produced at IBML-000042, 90, 112, 703, which reflect the demographics of the employees selected and not selected for layoff in his job group.

**REQUEST NO. 45:** The documents and ESI, including but not limited to all statistical tests, statistical analyses, studies or similar documents, conducted by any IBM executive, supervisor,

human resources official or an attorney, analyzing the ages of employees selected for termination in any force reduction, and/or those not selected for termination in any force reduction taking place in the United States at any time from January 1, 2014 to July 31, 2017.

**RESPONSE:** Defendant objects to this Request because it seeks information that is protected by the attorney-client privilege and/or the work product doctrine.

**REQUEST NO. 46:** For the period from January 1, 2012 to the present, studies, analyses, audits, surveys, communications, documents or ESI that set forth any plan, strategy, goal or effort to change the age demographics of IBM's workforce.

**RESPONSE:** Defendant objects to Request No. 46 because it is overly broad, unduly burdensome, and disproportionate to the needs of the case. This Request is not reasonably limited in time or organizational scope. Subject to and without waiving the foregoing objections and the General Objections set forth above, Defendant responds that, based on its reasonable investigation to date, there are no documents responsive to this Request.

**REQUEST NO. 47:** Communication, including emails and attachments, sent, received, cc'd or forwarded by or to each and every individual who participated in the selection of employees for termination in the RIF that including Plaintiff's separation from employment.

**RESPONSE:** Defendant objects to Request No. 47 because it is vague and ambiguous as to the meaning of "participated." Defendant responds consistent with its own understanding of the undefined terms. Defendant also objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of the case because it requests communications to "each and every" individual who participated in the selection of employees other than Plaintiff in the CLDR resource action. Subject to and without waiving the foregoing objections and the General Objections set forth above, Defendant will produce documents reflecting

-32-

communications involving individuals who participated in the selection of employees reporting to Kim Overbay for layoff in the CLDR action.

**REQUEST NO. 48:**  For the period from January 1, 2014 to present, documents and ESI that contain age demographics of Software Group and Cloud RIFs.

**RESPONSE:**  Defendant objects to Request No. 48 as overly broad, unduly burdensome, and disproportionate to the needs of the case because it is not reasonably limited in terms of time or organizational scope.  Plaintiff was impacted by the CLDR resource action in 2017.  The resource action did not affect all organizations in the Cloud Group, nor did it occur in 2014, 2015, 2016, or 2018.  Thus, this Request also seeks information that is not relevant to either party's claims or defenses.  In addition, this Request is overly broad, unduly burdensome, disproportionate to the needs of the case, and irrelevant because Plaintiff was not in the Software Group at the time of his layoff.  Defendant further objects to this request to the extent that it seeks documents protected by the attorney-client privilege and/or the work product doctrine.

Dated: October 22, 2018

Respectfully submitted,

/s/ *Alison B. Marshall*
Alison B. Marshall*
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C. 20001
Phone: (202) 879-7611
Fax: (202) 626-1700
abmarshall@jonesday.com
*Admitted Pro Hac Vice*

Brian M. Jorgensen
(Texas Bar No. 24012930)
JONES DAY
2727 North Harwood Street
Dallas, Texas 75204
Phone: (214) 969-3741
Fax: (214) 969-5100
bmjorgensen@jonesday.com

*Attorneys for Defendant*
*International Business Machines Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2018, a copy of the foregoing was served by e-mail and first-class mail on Plaintiff's following attorneys of record:

Archie Carl Pierce
Heidi A. Coughlin
Wright & Greenhill, P.C.
900 Congress Avenue, Suite 500
Austin, TX 78701
cpierce@w-g.com
hcoughlin@w-g.com

Charles A. Lamberton
Lamberton Law Firm, LLC
Gulf Tower
707 Grant Street, Suite 1705
Pittsburgh, PA 15219
cal@lambertonlaw.com

/s/ *Emily M. Halliday*
Emily M. Halliday