IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JONATHAN LANGLEY,<br><br>    Plaintiff,<br><br>v.<br><br>INTERNATIONAL BUSINESS<br>MACHINES CORPORATION,<br><br>    Defendant. | Case No. 1:18-cv-00443-LY |

**DECLARATION OF ALISON B. MARSHALL IN SUPPORT OF DEFENDANT
INTERNATIONAL BUSINESS MACHINES CORPORATION'S
<u>MOTION TO COMPEL DEPOSITION TESTIMONY AND FOR SANCTIONS</u>**

I, Alison B. Marshall, declare and state as follows:

1. I am a Partner in the law firm of Jones Day, resident in the Washington, D.C. office located at 51 Louisiana Avenue, NW, Washington, DC 20001. I am one of the attorneys representing Defendant International Business Machines Corporation in the above-captioned matter. The following declaration is based on my personal knowledge.

2. In support of his claims in the above-captioned matter, Plaintiff Jonathan Langley has pointed to several documents that he claims to have obtained from unnamed sources at IBM. These documents, he asserts, include planning documents from various IBM business groups and units.

3. On January 24, 2019, I deposed Langley on behalf of IBM.

4. During the deposition, Langley confirmed that his claims are based in substantial part upon communications he had with unnamed individuals. Langley also confirmed that his claims are based in substantial part upon his interpretation of certain documents, and he

1

repeatedly averred that those understandings are based upon what unnamed individuals allegedly told him about the documents.

5. Given Langley's claims, I asked him to identify IBM employees with whom he had communicated since leaving IBM. I also asked Langley to identify current or former IBM employees who provided him with the slides and other documents that Langley has cited in this case. I asked these questions in hopes that the Company could later explore Langley's various assertions with those individuals.

6. Based upon instructions from counsel, however, Langley refused to answer questions regarding the identity of persons with whom he spoke or who provided him documents. Langley's counsel stated that she would not allow him to identify individuals whom he asserts provided information upon which he will rely in this case. Langley's attorney also instructed him not to reveal the identity of any person that he has spoken with about his lawsuit. Langley's counsel invoked the "informant's privilege," citing three cases involving the federal government and confidential government informants – *Roviaro v. U.S.*, 353 U.S. 53 (1957); *Hodgson v. Charles Martin Inspectors*, 459 F.2d 303 (5th Cir 1972); and *Wirtz v. Continental Finance & Loans*, 326 F.2d 561 (5th Cir. 1964).

7. During the deposition, I attempted to confer with Langley's counsel about her instruction and her client's refusal to answer legitimate deposition questions. Langley's counsel never changed her position, and Langley never answered the questions at issue. Therefore, I attempted to contact the Court regarding this matter, but the Magistrate Judge was unavailable. I stated that the Company would file a motion to compel and for sanctions, and I reserved time to question Langley regarding the matters in issue following a ruling from this Court.

8.     On January 24, 2019, I deposed Langley for a total of six hours and ten minutes inclusive of the time I spent conferring with Langley's counsel regarding his refusal to answer legitimate deposition questions.

9.     On February 4, 2019, I contacted Langley's counsel once again regarding this matter.  Langley's counsel responded that her position on this matter had not changed, and she invited the Company to file a motion over the matter.

10.    To ensure time to fully and fairly complete the deposition, I believe that I would need the remaining 50 minutes under the Federal Rules of Civil Procedure's presumptive seven hour deposition time limit, plus an additional three hours.  I believe this additional time is necessary to account for time spent on preliminary matters at the restart of the deposition and to allow for full exploration of Langley's answers.

This declaration is made in accordance with 28 U.S.C. § 1746, and I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed in Washington, D.C. on February 6, 2019.

/s/ *Alison B. Marshall*
Alison B. Marshall