## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| JONATHAN LANGLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cv-00443-LY |
| | ) | |
| INTERNATIONAL BUSINESS | ) | |
| MACHINES CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### IBM'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL
### DEPOSITION TESTIMONY AND FOR SANCTIONS

In its Motion to Compel (Dkt. No. 59), IBM demonstrated that Langley cannot carry his burden to establish a privilege that justifies his refusal to answer deposition questions about evidence that he asserts is central to his claims. Langley cannot rely on the informant's privilege because it is exclusive to the government. And even the government may not use that privilege to bar disclosure of communications "relevant and helpful to the defense of an accused." *Roviaro v. U.S.*, 353 U.S. 53, 60 (1957).

Langley's response (Dkt. No. 67) is unavailing. He ignores the relevant issues for the first three quarters of his brief, and at no point does he undercut IBM's positions.

**I.       The Information That IBM Seeks Is Not Subject To The Informant's Privilege.**

As an initial matter, Langley offers no authority suggesting that non-governmental litigants may invoke the informant's privilege or that the privilege applies to interactions between private citizens. *Compare Roviaro*, 353 U.S. at 59 (stating that the informant's privilege is "in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that

1

law"); *Broussard v. Socony Mobil Oil Co.*, 350 F.2d 346, 353 (5th Cir. 1965) (dismissing private litigant's attempt to apply the privilege, stating that a "Commission officer is the proper person to raise such objections and not the defendant"); *Overby v. U.S. Fid. & Guar. Co.*, 224 F.2d 158, 163 (5th Cir. 1955) (stating that the privilege "can neither be claimed nor waived by a private party") (citation omitted); *see also McClelland v. Andrus*, 606 F.2d 1278, 1287 n.53 (D.C. Cir. 1979) (stating that the privilege is "exclusively available to the Government"). This Court should grant IBM's Motion for that reason alone. *See* Dkt. No. 59 at 5-6.

For his part, Langley cites (Dkt. No. 67 at 8-10) *Wirtz v. Continental Fin. & Loan Co.*, 326 F.2d 561 (5th Cir. 1964). It does not support his position. There, the Fifth Circuit allowed the "Secretary of Labor" to use the informant's privilege to shield the identity of persons who "complain[ed] to the Government that their employer [was] paying substandard wages." *Wirtz*, 326 F.2d at 562-63. The court did not hold that private parties could apply the privilege to withhold information about interactions between private citizens.[1]

Further, it is immaterial that "Langley provided the IBM documents at issue to the EEOC." Dkt. No. 67 at 10. The EEOC is not a party to this case, and the Company is not

---

[1] In *Wirtz*, the Department of Labor sought to enjoin an employer's alleged violations of FLSA overtime and record keeping provisions, and in doing so the agency sought to withhold the identity of "persons who had filed complaints charging violations of the Act." *Wirtz*, 326 F.2d at 562. On the specific facts presented, the court held that the identity of the informants was not relevant. *Id.* at 563 (noting failure to pay overtime and keep proper records were clerical matters that "could be proved by the use of single witness, such as a bookkeeper or a supervisor"). In cases involving other claims and other facts, the Fifth Circuit has recognized that the identity of government informants is highly relevant. *See, e.g., Portomene v. U.S.*, 221 F.2d 582, 584 (5th Cir. 1955) (finding that it was reversible error to "deny the defendant's request for the name of the informer to whom it was claimed the defendant had sold the narcotics"). Here, likewise, Langley placed at issue the identity of the persons who provided him with documents and who spoke with him about his claims by conceding that his claims are based in significant part upon what those individuals allegedly told him. *See* Dkt. No. 59 at 2-3, 7-8; *infra* at 3-4. *Wirtz* is inapposite for this additional reason.

seeking disclosure of Langley's conversations with that agency (which Langley has now volunteered in any event). Rather, IBM seeks discovery regarding the identity of private citizens with whom Langley discussed his claims and who provided him documents. There is no contention that those individuals ever spoke with the EEOC. *See, e.g.*, *Wirtz*, 326 F.2d at 563 (noting that the informant's privilege "preserv[es] the anonymity of employees who complain to the Government"); *cf. Roviaro*, 353 U.S. at 59-60 (noting that "[t]he scope of the privilege is limited by its underlying purpose"). Further, Langley cites no authority suggesting that a party may privilege his interactions with other private citizens through his separate interactions with the government. *Cf. Falsone v. United States*, 205 F.2d 734, 739 (5th Cir. 1953) ("If documents are not privileged while in the hands of a party, he does not make them privileged by merely handing them to his counsel.") (internal quotation marks omitted).

## II.     In Any Event, The Informant's Privilege Does Not Bar Discovery Of Relevant Information Helpful To A Party's Defense.

IBM also demonstrated (Dkt. No. 59 at 6-8) that even if the informant's privilege could apply to interactions between Langley and other private citizens – although that is not so – it still would not bar the discovery that IBM seeks. The government may not apply the privilege if "disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused." *Roviaro*, 353 U.S. at 60-61. That is the case here, and therefore the informant's privilege could not apply in any event.

Langley's contrary contentions are unavailing. First, he claims that IBM's questions are irrelevant because his case theories are not *truly* based on what others allegedly told him. *See* Dkt. No. 67 at 6 (asserting that "Langley does not attribute any statement to a document provider and his deposition is devoid of any reliance on statements from the provider(s)"). At his deposition, however, Langley admitted just the opposite. There, when pressed for detail about

3

his claims, Langley repeatedly referenced conversations with unnamed individuals.   For example, when asked about the basis of his understanding of the term "seniority mix," Langley testified that he discussed the term with an unnamed person. *See* Dkt. No. 68-2 (under seal), Langley Dep. Tr. at 253:18-21.   When questioned about his belief that the "Jim" mentioned in one of his documents was IBM Chief Financial Officer Jim Cavanaugh, Langley testified that he had discussed the matter with an unnamed person. *See id.* at 249:15-22.   And when asked about his assertion that IBM corporate sets hiring targets and layoff targets, Langley testified that he had discussed the issue with an unnamed individual.   *See id.* at 251:1-14.   In short, Langley himself placed his sources at issue, and he is in no position now to suggest that IBM is precluded from testing Langley's claims by questioning those same sources.

Second, Langley argues that the Company does not need to know who provided him documents because "IBM can access any and all information needed for its defense related to these documents already." Dkt. No. 67 at 4.   Simply put, a party may not evade discovery based upon a self-serving estimation that his opponent has "sufficient" evidence. *Gerald v. Univ. of S. Mississippi*, No. 2:12CV147-KS-MTP, 2013 WL 5592454, at *5 (S.D. Miss. Oct. 10, 2013) ("[I]t is improper under the Federal Rules for a party to withhold discoverable information merely because the requesting party has independent access to the same."). In any event, IBM does not have "any and all information" that it needs for its defense. More fundamentally, IBM is entitled to test Langley's various claims – about documents and other matters – by directly questioning his alleged sources, not simply by deposing Langley or seeking alternate avenues of information.

Third, Langley argues that IBM should not be permitted to investigate his documents "since IBM simultaneously is taking the position the very same documents are outside of the

scope of discovery." Dkt. No. 67 at 5. IBM does contend that Langley's documents are irrelevant and inadmissible.   Langley does not concede that, however, and insists that he will rely on the documents in an attempt to support his claims.  As such, IBM is entitled to explore the documents' authenticity and whether there is any foundation linking the documents to his claims, and it is entitled to do so by examining the source(s) of those document.  IBM's motion to compel answers to basic questions about those sources is fully consistent with its position on the permissible scope of Langley's discovery.

Finally,  Langley's citation of *In re International Business Machines Corp.*, Civ. No. 1:05-cv-6279-AKH  (S.D.N.Y.) [hereinafter *In re IBM*] is disingenuous.  Dkt. No. 67 at 10-11. There, the court issued a one-page order denying a motion  to compel *and* a motion  for protective order "without  prejudice,"  granting each side "leave to refile" their respective briefs "after further pre-trial  proceedings."  Dkt. No. 67-3.  The parties then settled the case without refiling. *See In re IBM*, Civ. No. 1:05-cv-6279-AKH,  Dkt. No. 81 (S.D.N.Y. May 30, 2008).  As such, the court never issued a substantive  ruling,  and it certainly  never expressed disagreement with the well-settled proposition  that a private party may not "shield  from discovery the identity  of persons with knowledge  of relevant facts" by claiming  that the individuals  served as "confidential  sources" during his or her "pre-suit investigation."  *Brody v. Zix*, 2007 WL 1544638  at *1 (N.D. Tex. May 25, 2007).[2]

---

[2] If anything,  the briefing  in *In re IBM* underscores the deficiency of Langley's position. The plaintiffs  in that case at least attempted to support their position  with declarations in which the alleged confidential  informants claimed to have been promised confidentiality  and claimed to have a subjective  fear of retaliation.  *See* Dkt. No. 67-2 at 4-8.  Langley,  by contrast, has submitted  no evidence in support of his opposition.   This is yet another reason that the Court should  reject his position  and grant IBM's Motion.  *See*, *e.g.*, *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (stating that the party seeking a protective order must make "a particular and specific demonstration  of fact as distinguished  from stereotyped and conclusory statements"); *see also* Dkt. No. 59 at 8.

**III.    Sanctions Are Warranted.**

Langley does not dispute IBM's showing that this Court can and should impose sanctions if a deponent fails to answer a deposition question without justification.

## CONCLUSION

The Court should grant the Motion for the reasons stated here and in IBM's initial brief.


Dated: February 26, 2019                 Respectfully submitted,

                                         /s/ *Alison B. Marshall*
                                         Alison B. Marshall*
                                         JONES DAY
                                         51 Louisiana Ave., N.W.
                                         Washington, D.C. 20001
                                         Phone: (202) 879-7611
                                         Fax: (202) 626-1700
                                         abmarshall@jonesday.com
                                         *Admitted Pro Hac Vice*

                                         Matthew W. Lampe*
                                         JONES DAY
                                         250 Vesey Street
                                         New York, NY 10281
                                         Phone: (212) 326-7838
                                         Fax: (212) 755-7306
                                         mwlampe@jonesday.com
                                         *Admitted Pro Hac Vice*

                                         Brian M. Jorgensen (Texas Bar No. 24012930)
                                         JONES DAY
                                         2727 North Harwood Street
                                         Dallas, Texas 75204
                                         Phone: (214) 969-3741
                                         Fax: (214) 969-5100
                                         bmjorgensen@jonesday.com

                                         *Attorneys for Defendant*
                                         *International Business Machines Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sent notification of such filing to the Court and Langley's counsel.

/s/ *Alison B. Marshall*
Alison B. Marshall