IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JONATHAN LANGLEY | § | |
| | § | |
| VS. | § | NO. A-18-CV-443-LY |
| | § | |
| INTERNATIONAL BUSINESS | § | |
| MACHINES CORPORATION | § | |

## ORDER

Before the Court is IBM's Motion for Clarification of January 30, 2019 Order (Dkt. No. 58) as well as the response and reply.

Though styled as a motion for clarification, IBM is in fact seeking that the Court reconsider and modify its order of January 30, 2019. IBM contends that the Court failed to understand IBM's organizational structure when it ordered IBM to search for and produce documents from the Hybrid Cloud Group. Far from it. The Court fully understood what was presented at the hearing. Here is the description IBM's counsel's provided the Court at the hearing:

> [I]n brief, the organization that Mr. Langley was a part of was an organization headed up by Steve Cowley. You'll see his name referenced. It was called Cloud Sales - Worldwide Top. It's a fairly large organization of between 3- and 4-hundred individuals, a sales organization within a group called the Hybrid Cloud Group, a group being the highest level of organization, the broadest. There's multiple groups within IBM. We go from a group down to a unit down to an organization. And Cowley's organization was Cloud Sales - Worldwide Top, several, as I said, between 3- and 4-hundred individuals.

Dkt. No. 54 at 13-14. As can be seen, IBM made no mention of what, if any, "unit" was between the Cloud Sales - Worldwide Top "organization," and the Hybrid Cloud "Group." Despite this, the Court understood that there likely was a "unit" between the two entities. Notwithstanding that understanding, the Court ordered that discovery take place at the level of the Hybrid Cloud Group, as it concluded that this group—even though it was a level "higher" in the IBM hierarchy—was

"roughly equivalent" to the entity Judge Abrams used for his proxy in the *Iacono* case. *See* Dkt. No. 52 at 3. In other words, it was not a mistake; it was intentional.

This being the case, there is nothing in need of clarification. And to the extent IBM is requesting that the Court reconsider its ruling, that request is denied. Finally, the Court reminds IBM of the "caveat" the Court added at the end of its order on the motion to compel, and suggests that IBM re-read that paragraph and take it to heart. IBM's internal structure is a creation of IBM. It is only one of many factors the Court will consider in determining the scope of discovery. And because the structure is a creation of IBM, the Court will look with a jaundiced eye at arguments suggesting that discovery must somehow align with—and more importantly, be limited by—that structure.

Accordingly, IBM's Motion for Clarification of January 30, 2019 Order (Dkt. No. 58) is **DENIED.**

SIGNED this 10th day of April, 2019.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE