THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JONATHAN LANGLEY | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | CASE NO. 1:18-CV-00443-DAE |
| | § | |
| INTERNATIONAL BUSINESS MACHINES | § | |
| CORPORATION | § | |
|     Defendant | § | |

**PLAINTIFF'S OPPOSED CONTINGENT MOTION FOR LEAVE TO PROVIDE
NEWLY DISCOVERED SUMMARY JUDGMENT EVIDENCE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Jonathan Langley and files his Motion, in the Alternative, for Contingent Leave to Provide Newly Discovered Summary Judgment Evidence, and would show the Court as follows.

**I.**

Langley is confident that the summary judgment evidence already submitted is more than sufficient to create the fact issues needed to survive summary judgment, as demonstrated by the Magistrate Judge Austin's Report & Recommendation. [Dkt. 201] However, as discussed *infra*, relevant new evidence has been obtained after all summary judgment pleadings had been filed by the respective parties. In order to promote judicial economy, Plaintiff does not want to re-open summary judgment to new evidence (nor the dueling motion practice that would inevitably go with it) if it can be avoided. Plaintiff moves in the alternative for leave to offer newly discovered evidence, but such motion is strictly contingent on this Court finding that the summary judgment

evidence already submitted is insufficient to create the necessary fact issues for Langley to survive summary judgment.

**II.**

The new evidence in question was obtained after all substantive summary judgment pleadings had been filed, and thus good cause exists for consideration of the new evidence—if necessary. Plaintiff filed his second Motion to Compel on June 25, 2019. [Dkt. 86] IBM's Reply in Support of its Motion for Summary Judgment was filed on August 12, 2019, which was the last substantive summary judgment pleading filed by either party.[1] [Dkt. 168] On September 20, 2019, the Magistrate Judge granted Plaintiff's pending second Motion to Compel, and ordered that IBM produce IBM executive communications containing certain key words relevant to this case. [Dkt. 185] IBM responded to the Order by formally appealing to the Honorable Judge Yeakel on October 4, 2019, and moving to stay the Magistrate Judge's Order. [Dkt. 193-195] The Honorable Judge Yeakel formally overruled the objections that IBM raised in its appeal on October 8, 2019. [Dkt. 197] Over the next several months, IBM began producing the ordered documents to Plaintiff in successive batches ("Newly Produced Documents"). Until recently, it appeared that the Newly Produced Documents obtained after summary judgment totaled approximately 155,000 pages. Earlier this week, however, IBM's counsel informed Langley's counsel that IBM has not yet produced all of the documents it was ordered to produce, and thus the full page count is not fully known by Plaintiff. The Newly Produced Documents reviewed so far, however, contain a wealth of new evidence that solidifies the existence of IBM's discriminatory scheme, provides confirmation that IBM's discriminatory code words are in fact code words meant to refer to IBM's true goal of "rebalancing" the age of its workforce, and more.

---

[1] Other than motions filed for the correction of clerical errors.

Under the Western District Local Rules, a District Court Judge tasked with reviewing a report and recommendation rendered by a Magistrate Judge on a dispositive motion "may…receive further evidence" based on the District Court Judge's discretion.[2] The Federal Rules of Civil Procedure likewise explicitly allow this Court to consider additional evidence when considering objections to a Magistrate Judge's report & recommendation on a dispositive motion.[3] Langley—nor presumably IBM, desires to delay this case unnecessarily or engage in any superfluous, costly motion practice. Thus, pursuant to the local rules and Federal Rules of Civil Procedure, Plaintiff entrusts the decision to this Court's capable discretion as to whether to allow Plaintiff to offer the relevant portions of the Newly Obtained Documents as summary judgment evidence, based contingently on whether the current summary judgment evidence is found to be insufficient to establish the existence of the required genuine issues of material facts.

### III.  PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Jonathan Langley moves, in the alternative, for contingent leave to provide the relevant portions of the Newly Produced Documents as summary judgment evidence, and for all other relief, whether legal or equitable, general or special, to which he justly may be entitled.

---

[2] *See* W.D. Local Rules, Appendix C, Rule 4(b).
[3] *See* Fed.R.Civ.P. 72(b)(3).

Respectfully submitted,

_____
Heidi A. Coughlin
State Bar No. 24059615
Archie Carl Pierce
State Bar No. 15991500
Blair J. Leake
State Bar No. 24081630
Brantley Ross Pringle, Jr.
State Bar No. 16330001
WRIGHT & GREENHILL, P.C.
900 Congress Avenue, Suite 500
Austin, Texas 78701
512/476-4600
512/476-5382 (Fax)
HCoughlin@w-g.com
CPierce@w-g.com
BLeake@w-g.com
RPringle@w-g.com

*Attorneys for Plaintiff*
*Jonathan Langley*

## CERTIFICATE OF CONFERENCE

Counsel for Plaintiff has complied with the Court's requirement to confer. On January 31, 2020, Plaintiff's counsel conferred with IBM's counsel via telephone on the above Motion. Counsel for IBM is opposed.

_____
Heidi A. Coughlin

-5-

<u>CERTIFICATE OF SERVICE</u>

    I hereby certify that on January _____, 2020, I electronically filed the foregoing Motion using the CM/ECF system, which sent notification of such filing to the Court and Defendant's counsel.

 

_____
Heidi A. Coughlin